**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1058-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LUIS MAISONET, a/k/a
LUIS A. MAISONET,

    Defendant-Appellant.

_____

Submitted March 12, 2024 – Decided March 22, 2024

Before Judges Enright and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 16-11-2635.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

William E. Reynolds, Atlantic County Prosecutor, attorney for respondent (Matthew T. Mills, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Luis Maisonet appeals from an October 6, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm, substantially for the reasons expressed by Judge Donna M. Taylor, J.S.C. in her cogent written opinion.

The circumstances leading to defendant's convictions and sentence are set forth in our unpublished opinion from defendant's direct appeal. State v. Maisonet, No. A-3513-17 (App. Div. May 31, 2019) (slip op. at 1-3). Therefore, we need only summarize the salient facts.

Judge Taylor presided over defendant's jury trial in 2017. At trial, the State established that on September 1, 2016, defendant shot and killed his former girlfriend's boyfriend, Christopher Romero, while Romero was working at a mall in Atlantic City. Maisonet, slip op. at 2. Defendant was convicted of: first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1); second-degree unlawful possession of a weapon without a permit, N.J.S.A. 2C:39-5(b)(1); and fourth-degree aggravated assault, pointing a firearm, N.J.S.A. 2C:12-1(b)(4). Id. at 1. He was tried and convicted separately on the charge of second-degree certain persons not to have a weapon, N.J.S.A. 2C:39-7(b)(1). Ibid.

2

Following defendant's direct appeal, we affirmed his convictions and sentence. Id. at 13. The Supreme Court subsequently affirmed his convictions and sentence. State v. Maisonet, 245 N.J. 552, 572 (2021).

In May 2021, defendant filed a pro se petition for PCR, claiming trial counsel failed to communicate with him, "only visited [him] once at the jail, and . . . failed to properly update [defendant] on [his] case." Subsequently, assigned counsel submitted a brief incorporating defendant's arguments and alleging trial counsel was ineffective for "fail[ing] to withdraw as counsel when communications between [defendant and trial counsel] broke down."

After hearing argument on the petition, Judge Taylor entered an order on October 6, 2022, denying the petition without an evidentiary hearing. In a written opinion accompanying the order, the judge rejected defendant's ineffective assistance of counsel (IAC) claims and concluded he failed to establish a prima facie case of IAC under Strickland v. Washington, 466 U.S. 668, 671 (1984) and State v. Fritz, 105 N.J. 42, 44 (1987).[1]

---

[1] In Fritz, the New Jersey Supreme Court adopted the Strickland test. 105 N.J. at 58.

A-1058-22

Initially, Judge Taylor found defendant failed to satisfy the first Strickland prong because he did not demonstrate trial counsel's performance was deficient. She explained:

> defendant . . . provided [no] evidence that trial counsel was deficient []or fell below competency. . . . [Also], defendant . . . provided no evidence of [a] breakdown in comm[unication] with trial counsel.
>
> Conversely, there is evidence of trial counsel's efforts to confer with defendant throughout the trial. . . .
>
> Additionally, there is ample evidence to support that trial counsel provided competen[t] representation during the trial. . . . [T]rial counsel filed various motions to preclude evidence that could be prejudicial and refuted the State's motions to introduce evidence. . . . Trial counsel was also attentive during the presentation of the State's case [and] on at least nine occasions[,] objected to questions, statements, and evidence presented by the State.
>
> Defendant . . . failed to provide evidence . . . trial counsel was ineffective in her representation of defendant and, therefore, . . . failed to satisfy the first prong of Strick[la]nd.

Turning to the second Strickland prong, Judge Taylor found defendant failed to show trial counsel's alleged deficient performance prejudiced his defense. She specifically rejected defendant's claim that a "breakdown in communication between defendant and trial counsel" undermined their "ability

4

to effectively communicate strategies and discuss important decisions," thereby "depriv[ing] defendant of a fair trial." Moreover, the judge concluded:

> there [wa]s ample evidence to support that defendant had a fair trial with competen[t] counsel, despite counsel not being to . . . defendant's choosing.
>
> Further, this case had overwhelming evidence against . . . defendant, which included multiple witnesses to the shooting of the victim, the autopsy report confirming the gunshot wounds as the cause of death, forensic evidence connecting the revolver found in defendant's possession with the bullet recovered from the victim's back, a clear motive confirmed with statements and text messages from . . . defendant, and prior violent behavior from . . . defendant to[ward] the victim. There was no confusion about what occurred in this case[,] . . . nor the jury' s verdict at the end of trial. There was no prejudice and no unjust result and, therefore, the second prong of Strickland has not been met by . . . defendant.

Finally, Judge Taylor found "no evidentiary hearing [wa]s required as defendant ha[d] not established a prima facie case in support of [PCR]." She also determined "[t]he evidence against defendant [wa]s overwhelming and any issues of disputed facts c[ould] be resolved by reference to the existing record." Further, the judge concluded:

> [t]his was a murder with a clear motive, a clear victim, multiple witnesses, forensics, and a murder weapon. There [wa]s no confusion about what occurred[,] . . . nor was the[re] prejudice or an unjust result. . . . [D]efendant's allegations are baseless, vague, and

5

conclusory, and a hearing will not aid in this [c]ourt's analysis of [his] entitlement to [PCR].

On appeal, defendant raises the following argument:

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO COMMUNICATE WITH HIM ADEQUATELY AND PROVIDE AND REVIEW DISCOVERY.

This argument fails.

We review the legal conclusions of a PCR court de novo, but generally defer to its factual findings when those findings are "supported by adequate, substantial[,] and credible evidence." State v. Harris, 181 N.J. 391, 415 (2004) (quoting Toll Bros. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2004)). When an evidentiary hearing has not already been held, we may "conduct a de novo review of both the factual findings and legal conclusions of the PCR court." Id. at 421. However, we review a trial court's decision to deny a PCR petition without an evidentiary hearing for an abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992).

To succeed on a claim of IAC, a defendant must satisfy the two-prong test enunciated in Strickland by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012). Under the first Strickland prong, a defendant must

6

show counsel's performance "fell below an objective standard of reasonableness" and "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687-88.  Because a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (citation omitted).  "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Marshall, 123 N.J. 1, 165 (1991)).

To satisfy the second Strickland prong, a defendant must show counsel's alleged "deficient performance prejudiced the defense." 466 U.S. at 687.  This means "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid.  It is insufficient for the defendant to show the errors "had some conceivable effect on the outcome." Id. at 693.  "An error by counsel, even if professionally unreasonable, does not warrant setting aside

7

the judgment of a criminal proceeding if [it] had no effect on the judgment." Id. at 691. Importantly, failure to satisfy either Strickland prong requires the denial of a PCR petition. Id. at 700.

A defendant is not automatically entitled to an evidentiary hearing by simply raising a PCR claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). To obtain an evidentiary hearing, a defendant must establish, by a preponderance of the evidence, "a prima facie case" for relief, "material issues of disputed fact," and show "that an evidentiary hearing is necessary to resolve the claims." R. 3:22-10(b).

"A 'prima facie case' requires that a defendant 'demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits[,]' . . . and must be supported by 'specific facts and evidence supporting his [or her] allegations.'" State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (alteration in original) (quoting State v. Porter, 216 N.J. 343, 355 (2013)). "If the [PCR] court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to [PCR], . . . then an evidentiary hearing need not be granted." State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (omission in original) (quoting State v. Marshall, 148 N.J. 89, 158 (1997)).

A-1058-22

Also, if a defendant's "allegations are too vague, conclusory, or speculative[,]" the defendant is not entitled to an evidentiary hearing. Porter, 216 N.J. at 355 (quoting Marshall, 148 N.J. at 158). A defendant "must do more than make bald assertions . . . . [A defendant] must allege facts sufficient to demonstrate counsel's alleged substandard performance." Ibid. (quoting Cummings, 321 N.J. Super. at 170).

Guided by these standards, we have no reason to disturb the October 6, 2022 order. Accordingly, we affirm the order substantially for the reasons set forth in Judge Taylor's thoughtful written opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1058-22